IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Rodney Othel McIntosh (35074-044), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 C 50322 |
| | ) | Appellate Case No. 21-1976 |
| v. | ) | |
| | ) | Hon. Iain D. Johnston |
| United States of America, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's application for leave to appeal *in forma pauperis* [139] is denied. The Court certifies that the appeal is not taken in good faith and orders Plaintiff to pay the $505 appellate fee within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The Clerk of Court is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.

**STATEMENT**

Plaintiff Rodney Othel McIntosh, a federal prisoner at USP, brings this *pro se* action under the Federal Tort Claims Act. By order dated March 11, 2021, the magistrate judge denied Plaintiff's motion to compel. (Dkt. 90.) Plaintiff appeals from the March 11, 2021 order and seeks leave to proceed *in forma pauperis* (IFP) on appeal.[1] (Dkts. 103, 139.) Plaintiff's motion for leave to appeal IFP (Dkt. 139) is denied.

The Prison Litigation Reform Act (PLRA) requires all prisoners to pay the full filing fee for their appeals. *See* 28 U.S.C. § 1915(b)(1). If the prisoner is not able to prepay the fee, he may submit an application to proceed IFP to pay the fee with monthly deductions from his trust fund account. A prisoner seeking leave to proceed IFP on appeal must obtain a certificate from an authorized official stating the amount of money the prisoner has on deposit in his or her trust fund

---

[1] On May 24, 2021, Plaintiff filed a notice of appeal regarding the magistrate judge's March 11, 2021 order denying his motion to compel. (Dkt. 90.) On May 25, 2021, the Seventh Circuit Court of Appeals instructed Plaintiff to either pay the required $505 appellate fee or file a motion to proceed IFP on appeal (with the district court). (Dkt. 107.) Plaintiff did not pay the filing fee or submit an IFP, and the Seventh Circuit dismissed the appeal on August 19, 2021. (Dkt. 122.) Subsequently, Plaintiff erroneously filed a motion for leave to proceed IFP in the Court of Appeals, and the Court of Appeals transferred the motion to this Court for a ruling. (Dkt. 138.) On December 23, 2021, the Seventh Circuit, construing Plaintiff's IFP motion as a motion to recall, vacated the August 19, 2021 dismissal of the appeal and reinstated Plaintiff's appeal. (Dkt. 140.)

1

account. The prisoner also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Initially, Plaintiff's IFP application is incomplete. Plaintiff has not used this Court's standard form, the application has not been certified by a prison official, and it does not include trust fund information for the relevant six month period preceding the filing of the appeal.[2]

In any event, the Court finds that the appeal is not taken in good faith.

Under the rules of the Seventh Circuit Court of Appeals, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal IFP, but rather must pay the appellate fees in full for the appeal to go forward. "'Good faith' within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review." *Eiler v. City of Pana*, No. 14-CV-3063, 2014 WL 11395155, at *1 (C.D. Ill. Nov. 1, 2014). Instead, "an appeal taken in 'good faith' is an appeal that, objectively considered, raises non-frivolous colorable issues." *Id*. (collecting cases). "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 565 (7th Cir. 2011) (citation and quotation marks omitted); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) ("[T]o sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit.").

Here, Plaintiff identifies his issues on appeal as: "[d]enial of discovery by collusion with AUSA Jana L. Brady prison staff through U.S. Magistrate Lisa Jensen." (Dkt. 139 at pg. 1.) Plaintiff identifies no error with this Court's March 11, 2021 discovery ruling, and his mere disagreement with the ruling is not a basis for appeal. *See, e.g., Walton v. Nat'l Integrated Group Pension Plan*, 587 Fed. App'x 328, 329 (7th Cir. 2014) ("Litigants who appeal an adverse judgment must identify their disagreements with that decision.").

In addition, Plaintiff has appealed an interlocutory (in other words, non-final) order that did not finally adjudicate his claims (and the case is still pending). *See* 28 U.S.C. § 1291 ("[t]he courts of appeals . . . shall have jurisdiction of appeals from all *final* decisions of the district courts of the United States") (emphasis added); *see also Massey Ferguson Div. of Varity Corp. v. Gurley*, 51 F.3d 102, 105 (7th Cir. 1995) ("Not until *all* of the elements of a case have been wrapped up is there a final judgment[.]") (emphasis in original). Moreover, the Court finds no basis for an interlocutory appeal. *See* 28 U.S.C. § 1292(b) (a district court may state in an order that an appeal should be taken from an interlocutory order if the court is "of the opinion that such order involves

---

[2] As noted above, Plaintiff's notice of appeal was filed on March 11, 2021, and thus Plaintiff's IFP application should include certified trust fund information for the six month period preceding that date (or, from about September 11, 2020 to March 11, 2021). Instead, Plaintiff has attached trust fund information covering a period from May 15, 2021 to December 8, 2021. (Dkt. 139 at pgs. 7-8.)

a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation").

Accordingly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not in good faith and that no appeal should be taken.

Plaintiff must therefore pay the full $505 filing fee within fourteen days of the date of this order or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Payment shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify the name of the party to whom the payment applies, as well as the district court and appellate court case numbers assigned to this action. If Plaintiff wishes to contest this Court's finding that his appeal is not taken in good faith, he must file a motion with the United States Court of Appeals for the Seventh Circuit seeking review of this Court's certification, within thirty days of entry of this order. Fed. R. App. P. 24(a)(5).

Date: January 10, 2022     By: _____
                                                                  Iain D. Johnston
                                                                  United States District Judge